OPINION OF THE COURT
Samuel Greensteim, J.
Defendant City of New York moves to reargue its motion to restore and for the granting of said motion upon reargument. The motion to reargue is granted; upon reargument the court decides as follows:
A panel of arbitrators filed a decision in this case on November 8, 1982. Defendant contends that it thereafter timely filed a demand for a trial de novo within 30 days, on December 7, 1982, pursuant to the applicable rules (22 NYCRR 28.12). Defendant admits that on December 7, 1982, it did not submit the proper fees as required by rule 28.12 (c); neither does it allege that it submitted any affidavit of service of its demand on plaintiff; nor does it appear that it so served the plaintiff with a copy of its demand within 30 days after filing of the arbitration decision. Defendant, nonetheless, argues that it timely filed the demand itself and therefore it qualifies for an *396 exercise of discretion by the court under rule 28.12 (b), which permits the court to extend the time for demanding a trial de novo in situations where the “defendant either serves or files a timely demand for trial de novo but neglects through mistake or excusable neglect to do one of those two acts within the time limited”. (22 NYCRR 28.12 [b] , as amd eff Jan. 1, 1982; emphasis added; prior to amendment, rule 28.12 [b] had read in relevant part: “to do another required act”.)
First, it is doubtful that rule 28.12 (b) is applicable in these circumstances. To qualify for the rule 28.12 (b) possible exercise of discretion, defendant must either timely serve or file. In this case there is no indication of timely service. Neither was there timely filing of a demand in proper fashion, as there must be payment of the proper fee concurrent with the filing of the demand (rule 28.12 [c] ). Here, as there was no fee paid on December 7, 1982, the court holds that there was no filing within the meaning of rule 28.12 (b) and accordingly that rule is not applicable.
Moreover, even if this court held that the attempted filing on December 7, 1982, qualified defendant for a possible exercise of discretion under rule 28.12 (b), the court is unpersuaded that that section was intended to apply in the situation before the court. Rule 28.12 (b) apparently contemplates an application to the court by a defendant who makes an incomplete timely demand for a trial de novo for additional time to cure the omission. Here there is no indication that the defendant ever made such an application; rather it waited until February 4, 1983, a period of approximately two months, to complete its demand, without any prior discretionary extension by the court. It now requests the court, nunc pro tunc, to utilize rule 28.12 (b) to grant it such an extension to deem the February 4, 1983 demand timely. The court does not believe that rule 28.12 (b) encompasses such nunc pro tunc applications.
Even if the breadth of rule 28.12 (b) is sufficiently wide to cover such a situation and presuming further that the rule applies to this defendant’s attempted filing on December 7,1982, the court would not deem it appropriate under the circumstances of this case to exercise its discretion *397 under rule 28.12 (b) to extend the time for proper service and filing of the demand for trial de novo. There is no mistake or excusable neglect in this case; rather there is pure law office failure. (Stella Enterprises v Hutchinson, NYLJ, Aug. 20, 1982, p 13, col 1 [App Term, 2d Dept].)
Accordingly, that part of defendant’s motion to reargue which seeks the restoration of this case is denied and the court adheres to its prior ruling.
As to that part of the instant motion which seeks the return of the fee of $115 paid on February 4,1983, same is denied, without prejudice to renew, if the defendant is so advised, upon proper application.